FILED
COURT OF APPEALS
DIVISION II

2015 MAR 17 AM 8: 41

STATE OF WASHINGTON

BY_____
         DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CLIFFORD PAYSENO, | No. 45389-4-II |
| Appellant, | |
| v. | |
| KITSAP COUNTY, | PUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Clifford Payseno appeals the superior court's denial of his petition to restore his right to possess a firearm. We are asked to decide whether the requirement in RCW 9.41.040(4)(a)(ii)(A)[1] that a petitioner be crime free for five years is satisfied by an earlier crime-free period or whether the crime-free period must immediately precede the filing of the petition.

We hold that RCW 9.41.040(4)(a)(ii)(A) is ambiguous as applied to the facts of this case. The statute can be interpreted as requiring a petitioner to be crime free for the five-year period immediately preceding the petition or interpreted as requiring a petitioner to be crime free during some earlier five-year period. The legislative history and interpretative aids do not definitively resolve this ambiguity. Under the rule of lenity, we strictly construe the statute in Payseno's favor. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

---

[1] The legislature amended RCW 9.41.040 in 2014. LAWS OF 2014, ch. 111, § 1. Besides renumbering some subsections, the amendments made in 2014 did not alter the statute in any way relevant to this case since the petition was filed by the appellant in 2013; accordingly, we cite the current version of the statute unless otherwise indicated.

No. 45389-4-II

## FACTS

The parties do not contest the operative facts. In March 2000, Payseno was convicted of a felony violation of the Uniform Controlled Substances Act (VUCSA).[2] In June 2000, Payseno was convicted of the misdemeanor offense of first degree negligent driving under former RCW 46.61.5249 (1997). After serving his sentences, Payseno then went over five years in the community without a conviction of any kind.

In February 2007 and May 2010, Payseno was convicted of two additional misdemeanor offenses, one for driving under the influence under former RCW 46.61.502 (1998), and one for first degree negligent driving under former RCW 46.61.5249 (1997). Neither of these offenses disqualified him from possessing a firearm. *See* former RCW 9.41.040(1)(a) (1997) (providing that it is a crime for anyone convicted of a "serious offense" under chapter 9.41 RCW to possess a firearm); former RCW 9.41.010(12) (1997) (defining "serious offense" for purposes of chapter 9.41 RCW).

In 2013, Payseno petitioned the superior court to reinstate his right to possess a firearm. At the time of his petition, Payseno had no charges pending. The State objected to the petition and argued that in order to have his firearm rights restored, Payseno's five-year-crime-free period needed to immediately precede the filing of the petition. The superior court construed the language in RCW 9.41.040(4)(a)(ii)(A) that the petitioner not be "currently charged with any felony, gross misdemeanor or misdemeanor crimes" as requiring the petitioner to be crime free for the five-year

---

[2] Former RCW 69.50.401 (1998). Payseno's VUCSA conviction automatically revoked his right to possess a firearm. RCW 9.41.040(4)(a).

2

period preceding the petition even if the subsequent criminal offense was not a disqualifying crime that impacted his firearms right. As a result, the superior court denied the petition and Payseno appealed.

ANALYSIS

Payseno argues that once he remained crime free for five years in the community after his 2000 felony and misdemeanor convictions, under RCW 9.41.040(4)(a)(ii)(A) the superior court did not have discretion to deny his petition. We agree that the requirement of the five-year-crime-free period may be completed at any time before the petition is filed.

I. STATUTORY INTERPRETATION

Statutory construction is an issue of law that we review de novo. *Anderson v. Dussault*, 181 Wn.2d 360, 368, 333 P.3d 395 (2014). In construing a statute, our primary objective is to ascertain and "give effect to the legislature's intent." *TracFone Wireless, Inc. v. Dep't of Revenue*, 170 Wn.2d 273, 281, 242 P.3d 810 (2010). To determine legislative intent, we first look to the plain language or plain meaning of the statute, "considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013); *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010).

Plain language that is not ambiguous does not require construction. *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003). If a statute is unambiguous or plain on its face we must apply the statute as written and assume that the legislature meant exactly what it said. *TracFone Wireless*, 170 Wn.2d at 281; *State v. Roggenkamp*, 153 Wn.2d 614, 621, 106 P.3d 196 (2005).

"A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable." *Berger v. Sonneland*, 144 Wn.2d 91, 105, 26 P.3d 257 (2001). "If the statute is still susceptible to more than one interpretation after we conduct a plain meaning review, then the statute is ambiguous and we rely on statutory construction, legislative history, and relevant case law to determine legislative intent." *State v. Rice*, 180 Wn. App. 308, 313, 320 P.3d 723 (2014).

We also apply the rule of lenity, which provides that, if a criminal statute is ambiguous, we "'strictly construe'" it in favor of the defendant. *Evans*, 177 Wn.2d at 193 (quoting *State v. Hornaday*, 105 Wn.2d 120, 127, 713 P.2d 71 (1986)); *see State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 984, 329 P.3d 78 (2014). Washington courts apply the rule of lenity not only to criminal sanctions, but also to the community custody, probation, and post-conviction context, and to procedural statutes affecting an offender's rights. *State v. Slattum*, 173 Wn. App. 640, 658, 295 P.3d 788, *review denied*, 178 Wn.2d 1010 (2013); *see State v. Parent*, 164 Wn. App. 210, 212, 267 P.3d 358 (2011) (applying rule to sentencing).

## II. INTERPRETING RCW 9.41.040(4)(a)

RCW 9.41.040(4)(a) provides, in part:

[I]f a person is prohibited from possession of a firearm [as a result of a conviction for a serious offense] and has not previously been convicted . . . of a sex offense prohibiting firearm ownership . . . and/or any felony defined under any law as a class A felony or with a maximum sentence of at least twenty years, or both, the individual may petition a court of record to have his or her right to possess a firearm restored:

. . . .

(ii)(A) If the conviction . . . was for a felony offense, *after five or more consecutive years in the community without being convicted* . . . or *currently charged* with any

felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525[.]

(Emphasis added).

In interpreting this statute, we previously held that "RCW 9.41.040(4) does not expressly grant the restoring court any discretion or state a burden of proof"; the superior court thus "serves a ministerial function—i.e., granting the petition—once the petitioner has satisfied the enumerated requirements." *State v. Swanson*, 116 Wn. App. 67, 69, 65 P.3d 343 (2003). To the extent that the superior court exercised its discretion in denying Payseno's petition, it did so improperly.

A. AMBIGUOUS LANGUAGE

"A statute is ambiguous . . . when it is fairly susceptible to different, reasonable interpretations, either on its face or as applied to particular facts, and must be construed to avoid strained or absurd results." *McGinnis v. State*, 152 Wn.2d 639, 645, 99 P.3d 1240 (2004).

RCW 9.41.040(4)(a)(ii)(A)'s provision that a petitioner may petition for restoration of gun rights "after five or more consecutive years in the community without being convicted" can reasonably be interpreted in two ways. The statute could be interpreted to require a five-year-crime-free period immediately preceding a petition. Alternatively, it could be interpreted to require a five-year-crime-free period at *any* time prior to a petition so long as the other statutory requirements are met (no current charges or disqualifying convictions). After Payseno's firearm possession rights were revoked in 2000, he was crime free in the community for seven years, from 2000 to 2007, without any current charges or disqualifying convictions at the time of his petition, but he was not crime free for the entire five years immediately preceding his petition.

5

## B. LEGISLATIVE INTENT

To resolve this ambiguity, we first consider RCW 9.41.040's legislative history. *See Rice*, 180 Wn. App. at 313. In 1994, RCW 9.41.040 was reenacted and amended.[3] RCW 9.41.040(4) was again amended as part of the 1995 Hard Time for Armed Crime Act, Initiative 159.[4] LAWS OF 1995, ch. 129, § 16. The legislative "Findings and Intent" included the statement that "[c]urrent law [did] not sufficiently stigmatize the carrying and use of deadly weapons by criminals." LAWS OF 1995, ch. 129, § 1. Before the legislature imposed the five-year-crime-free period requirement, the legislature found that "increasing violence in our society causes great concern for the immediate health and safety of our citizens and our social institutions." LAWS OF 1994, 1st Spec. Sess., ch. 7, § 101, at 2197. The legislature also found that "violence is abhorrent to the aims of a free society and that it cannot be tolerated." LAWS OF 1994, 1st Spec. Sess., ch. 7, § 101, at 2197.

But the legislative history reveals only general statements describing the purpose of RCW 9.41.040. The legislature offered no statement illuminating whether the five-year-crime-free

---

[3] LAWS OF 1994, 1st Spec. Sess., ch. 7, § 402.

[4] At that time, the relevant provision was amended to read:
[T]he individual may petition a court of record to have his or her right to possess a firearm restored:

   . . . .

   (b)    After five or more consecutive years in the community without being convicted or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions that prohibit the possession of a firearm counted as part of the offender score under [former] RCW 9.94A.360 [*recodified as* RCW 9.94A.525 (LAWS OF 2001, ch. 10, § 6)].
LAWS OF 1995, ch. 129, § 16, at 461.

period was meant to immediately precede a petition for firearms restoration. Therefore, the legislative history does not assist us in resolving the ambiguity.

## C. RULES OF CONSTRUCTION

We next consider any applicable rules of construction. "[T]he legislature is presumed to know the statutory scheme." *Bishop v. City of Spokane*, 142 Wn. App. 165, 171, 173 P.3d 318 (2007). "'Where the Legislature omits language from a statute, intentionally or inadvertently, this court will not read into the statute the language that it believes was omitted.'" *Manary v. Anderson*, 176 Wn.2d 342, 357, 292 P.3d 96 (2013) (quoting *State v. Moses*, 145 Wn.2d 370, 374, 37 P.3d 1216 (2002)). There is no language in RCW 9.41.040(4)(a)(ii)(A) that expressly requires that the five-year-crime-free period immediately precede the petition. This provides some support for Payseno's position. But there are no particular rules of construction that definitively resolve the ambiguity.

## D. RULE OF LENITY

Because we cannot discern the legislature's intent after resorting to interpretative aids, RCW 9.41.040(4)(a)(ii)(A) is ambiguous as applied to the facts of this case. In construing an ambiguous criminal statute, the rule of lenity requires us to strictly construe a statute in favor of a criminal defendant. *Villanueva-Gonzalez*, 180 Wn.2d at 984; *Slattum*, 173 Wn. App. at 658 (holding that the rule of lenity applies to a petitioner in the post-conviction context). Accordingly, we must hold that, as applied to the facts of this case, RCW 9.41.040(4)(a)(ii)(A) requires only that Payseno was crime free during *any* five-year period before his petition to restore his gun rights.

### III. CONCLUSION

We hold that RCW 9.41.040(4)(a)(ii)(A) is ambiguous as applied to the facts of this case. The statute can be interpreted as requiring a petitioner to be crime free for the five-year period immediately preceding the petition or interpreted as requiring a petitioner to be crime free during some earlier five-year period. The legislative history and interpretative aids do not definitively resolve this ambiguity. Under the rule of lenity, we strictly construe the statute in Payseno's favor. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____
Sutton, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.