# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 75441-6-I |
| Appellant, | |
| | DIVISION ONE |
| v. | |
| | ORDER WITHDRAWING AND |
| EDGAR DENNIS, III | AMENDING OPINION |
| Respondent. | |

IT IS HEREBY ORDERED that the opinion of this court in the above-entitled case filed on September 11, 2017 is withdrawn and replaced with the amended opinion filed on October 2, 2017.

SO ORDERED.

FOR THE COURT

_Spearman, J._

Presiding Judge

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 OCT -2 PM 1:01


# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75441-6-I |
| Appellant, | ) ) ) | DIVISION ONE |
| v. | ) ) | AMENDED |
| EDGAR DENNIS, III | ) ) | PUBLISHED OPINION |
| Respondent. | ) ) ) | FILED: <u>October 2, 2017</u> |

SPEARMAN, J. — To petition for restoration of firearm rights, RCW 9.41.040(4)(a)(ii)(A) requires five or more consecutive years in the community without a conviction. After losing his right to possess a firearm, Edgar Dennis III had no criminal convictions for 16 years. But in 2014, he was convicted of a misdemeanor. In 2016, he petitioned for restoration of his firearm rights, but the superior court denied the request. The court found that due to Dennis's 2014 conviction, he had not been without a conviction for the time period required by the statute.

On appeal, Dennis argues that because RCW 9.41.040(4)(a)(ii)(A) is ambiguous, we must apply the rule of lenity. Under that rule, he urges us to construe the statute such that any consecutive five year period without a criminal conviction is sufficient to satisfy the statute, even if the petitioner has one or more misdemeanor convictions within five years of filing the petition. We decline to apply the rule of lenity in this case because the rule is only applicable when

ambiguity remains after engaging in traditional methods of statutory interpretation. That is not the case here. Properly construed, RCW 9.41.040(4)(a)(ii)(A) reflects the legislature's intent to require at least five consecutive conviction-free years immediately preceding a petition for restoration of firearm rights. We affirm.

## FACTS

Edgar Dennis III was convicted of second degree robbery, third degree assault, and two counts of felony violation of the Uniform Controlled Substances Act in 1991. As a result, he was disqualified from possessing a firearm. In 1998, Dennis was convicted of third degree assault. After serving his sentence, Dennis lived in the community for over 15 years without a conviction of any kind. Then in 2014, he was convicted of first degree negligent driving.[1]

In April 2016, Dennis petitioned the superior court to reinstate his right to possess a firearm. To restore firearm rights, RCW 9.41.040(4)(a)(ii)(A) requires five or more consecutive years in the community without a criminal conviction. In his petition, Dennis did not disclose his negligent driving conviction. The State objected to the petition and apprised the court of Dennis's recent misdemeanor. The State argued that Dennis's five-year conviction-free period must immediately precede his petition for restoration. The superior court denied Dennis's petition and motion for reconsideration. He appeals.

---

[1] A conviction for first degree negligent driving (a misdemeanor offense) does not disqualify a person from possessing a firearm. See RCW 9.41.040(1)(2). However, once the firearm rights are lost, a conviction of any offense, including a misdemeanor, may preclude the restoration of that right. See RCW 9.41.040(4)(a)(ii).

## DISCUSSION

Dennis argues that the trial court erred by denying his petition to restore firearm rights. Relying on Payseno v. Kitsap County, 186 Wn. App. 465, 346 P.3d 784 (2015), he contends that RCW 9.41.040(4)(a)(ii)(A) is ambiguous as to whether he must have no convictions for five years immediately preceding the petition for restoration and that the rule of lenity requires us to strictly construe the statute in his favor. In Payseno, Division II of our court found that RCW 9.41.040(4)(a)(ii)(A) was ambiguous and that the legislative intent of the statute was unclear, even after resort to rules of statutory construction. The court applied the rule of lenity and strictly construed the statute in favor of the defendant. It held that any consecutive five year conviction-free period after the disqualifying crime satisfied the statute, even if the five year period immediately preceding the petition was not conviction free. Dennis urges us to follow Payseno.[2] The State contends Payseno is incorrectly decided and that we should decline to follow it.

The meaning of a statute is a question of law that we review de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). When possible, we derive the legislative intent of a statute solely from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole. State v. Evans, 177 Wn.2d 186,

---

[2] Dennis cites In re Per. Restraint of Eddie D. Arnold, 198 Wn. App. 842, 396 P.3d 375 (2017) for its holding that we are bound by horizontal stare decisis to the decisions of our sister divisions. We respectfully disagree that Payseno dictates our holding in this case. Grisby v. Herzog, 190 Wn. App. 786, 808-811, 362 P.3d 763 (2015). (The doctrine of stare decisis does not preclude one panel from the court of appeals from stating a holding that is inconsistent with another panel within the same division.)

192, 298 P.3d 724 (2013) (citing State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010)). If more than one interpretation of the plain language is reasonable, then the statute is ambiguous and we must construe it. Id. We may then rely on rules of statutory construction, legislative history, and relevant case law to discern legislative intent. Ervin, 169 Wn.2d at 820. If, after applying rules of statutory construction, we conclude that a statute remains ambiguous, "'the rule of lenity requires us to interpret the statute in favor of the defendant absent legislative intent to the contrary.'" City of Seattle v. Winebrenner, 167 Wn.2d 451, 462, 219 P.3d 686 (2009) (quoting State v. Jacobs, 154 Wn.2d 596, 601, 115 P.3d 281 (2005)). Thus, we will interpret an ambiguous penal statute adversely to the defendant only if statutory construction "clearly establishes" that the legislature intended such an interpretation. Id. The rule of lenity applies to statutes governing post-conviction proceedings. State v. Slattum, 173 Wn. App. 640, 658, 295 P.3d 788 (2013).

A person who loses his firearm rights as a result of a criminal conviction may petition for restoration of that right under certain circumstances. When considering a petition for restoration, the superior court's function is ministerial, not discretionary: it grants the petition once the petitioner has satisfied the requirements. State v. Swanson, 116 Wn. App. 67, 69, 65 P.3d 343 (2003). Among other requirements, a petitioner must have five or more consecutive years in the community without a conviction:

> [I]f a person is prohibited from possession of a firearm...and has
> not previously been convicted ... of a sex offense prohibiting
> firearm ownership ... and/or any felony defined under any law
> as a class A felony or with a maximum sentence of at least

4

> twenty years, or both, the individual may petition a court of record to have his or her right to possess a firearm restored:
>
> ....
>
> (ii)(A) If the conviction or finding of not guilty by reason of insanity was for a felony offense, **after five or more consecutive years in the community without being convicted** or found not guilty by reason of insanity or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525 . . . .

RCW 9.41.040(4)(a) (emphasis added). The parties dispute whether the five consecutive conviction-free years must immediately precede the petition.

We begin with whether RCW 9.41.040(4)(a)(ii)(A) is ambiguous. "A statute is ambiguous ... when it is fairly susceptible to different, reasonable interpretations, either on its face or as applied to particular facts, and must be construed to avoid strained or absurd results." McGinnis v. State, 152 Wn.2d 639, 645, 99 P.3d 1240 (2004). After Dennis's 1998 disqualifying conviction, he had no additional convictions until 2014. Thus, Dennis had gone "five or more consecutive years" without being convicted of or "currently charged" with any criminal offense. RCW 9.41.040(4)(a)(ii)(A). But, because of his 2014 conviction, Dennis had not been conviction free for at least five years prior to filing his petition for restoration of his firearms right. On these facts, RCW 9.41.040(4)(a)(ii)(A) can reasonably be interpreted to require the conviction-free period to immediately precede Dennis' petition. It can also be interpreted to allow the conviction-free period to occur at any time prior to his petition. We conclude the statutory provision at issue is ambiguous.

We next determine whether statutory construction clearly establishes legislative intent that the conviction-free period must immediately precede the petition to restore firearms rights. We first turn to the legislative history of RCW 9.41.040:

> In 1994, RCW 9.41.040 was reenacted and amended. RCW 9.41.040(4) was again amended as part of the 1995 Hard Time for Armed Crime Act, Initiative 159.4 LAWS OF 1995, ch. 129, § 16. The legislative "Findings and Intent" included the statement that **"[c]urrent law [did] not sufficiently stigmatize the carrying and use of deadly weapons by criminals."** LAWS OF 1995, ch. 129, § 1. Before the legislature imposed the five-year-crime-free period requirement, the legislature found that "increasing violence in our society causes great concern for the immediate health and safety of our citizens and our social institutions." LAWS OF 1994, 1st Spec. Sess., ch. 7, § 101, at 2197. The legislature also found that "violence is abhorrent to the aims of a free society and that it cannot be tolerated." Laws of 1994, 1st Spec. Sess., ch. 7, § 101, at 2197. (Emphasis added). (Footnotes omitted).

Payseno, 186 Wn. App. at 471–72. The Payseno court reasoned that these statements of purpose were general and did not help resolve the timing of the five year conviction-free period. But the State argues that there is meaning in the legislative finding that current law does not sufficiently stigmatize the use of firearms by criminals. We agree. The finding expresses that the Act was intended to keep guns out of the hands of criminals who continue to commit crimes, including offenses that do not themselves disqualify firearm possession. A person who has committed a disqualifying criminal offense and who continues to commit crimes falls squarely within the scope of this stated purpose. This supports the State's position that a person already convicted of a disqualifying

6

offense and who has, within five years preceding his petition, been convicted of another crime, may not have his firearms right restored.

The original text of the firearm restoration provision also supports the State's interpretation. When enacted, it read:

> [T]he individual may petition a court of record to have his or her right to possess a firearm restored:
>
> ...
>
> (b) After five or more consecutive years in the community without being convicted or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.360 [recodified as RCW 9.94A.525 (LAWS OF 2001, CH. 10, § 6)].

Initiative 159, § 16, at 461, 54th Leg., Reg. Sess. (Wash. 1995). A natural reading of the original phrasing is that one may petition after completing a conviction-free period of at least five years. Later amendments changed the application of this provision and obscured this meaning. In 1996, the legislature amended the provision so that it applied specifically to felons.[3] In 2005, it was amended to include people found guilty by reason of insanity. SUBSTITUTE H.B. 1687, 59th Leg., Reg. Sess. (Wash. 2005); SUBSTITUTE H.B. 2420, 54th Leg., Reg. Sess. (Wash. 1996) But these amendments did not alter the timing applicable to the five year conviction-free period. The original text indicates that the legislature intended for a petitioner to come to court with clean hands after at least five conviction-free years.

Relying on City of Federal Way v. Koenig, 167 Wn.2d 341, 348, 217 P.3d 1172 (2009), Dennis argues that other subsequent legislative history shows that

---

[3] The amendment also provided that persons convicted of disqualifying non-felony offenses were subject to a three year conviction-free period.

the legislature has implicitly assented to Payseno. In that case, our Supreme Court stated its presumption "that the legislature is aware of judicial interpretations of its enactments and takes its failure to amend a statute following a judicial decision interpreting that statute to indicate legislative acquiescence in that decision." Id. at 348 (citing Soproni v. Polygon Apartments Partners, 137 Wn.2d 319, 327 n.3, 971 P.2d 500 (1990)). But legislative acquiescence is not decisive here for several reasons.

First, Koenig is distinguishable because in that case there were 23 years of legislative inaction following a judicial interpretation of a statute. Here, a mere two years has passed since Payseno was decided. See State v. Coe, 109 Wn.2d 832, 846, 750 P.2d 208 (1988) ("The Legislature is deemed to acquiesce in the interpretation of the court if no change is made for a substantial time after the decision.") Second, while in the time since Payseno was decided in 2015, the legislature has amended RCW 9.41.040 without clarifying the ambiguity, the amendments addressed technical matters unrelated to the issue in this case.[4] And third, even where evidence of legislative acquiescence is found, it "is not conclusive, but is merely one factor to consider" when interpreting a statute. Safeco Ins. Companies v. Meyering, 102 Wn.2d 385, 392, 687 P.2d 195 (1984) (citing Somer v. Woodhouse, 28 Wn. App. 262, 270, 623 P.2d 1164 (1981)). In light of these considerations, Dennis's legislative acquiescence argument is unpersuasive.

---

[4] In 2016 and 2017, it amended chapters with bills respectively entitled "Juvenile Offenders – Rehabilitation and Reintegration" and "Sexual Assault Protection Orders – Duration – Renewal – Modification", which changed discrete provisions related to juvenile offenders and

While legislative history does not definitively resolve the statutory interpretation question before us, it tends to support that the conviction-free period must immediately precede the petition.

We next consider any applicable rules of statutory construction. When we construe a statute, "'a reading that results in absurd results must be avoided because it will not be presumed that the legislature intended absurd results.'" State v. J.P., 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (quoting State v. Delgado, 148 Wn.2d 723, 733, 63 P.3d 792 (2003)). Additionally, "'[s]tatutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" Id. (quoting Davis v. Dep't of Licensing, 137 Wn.2d 957, 963, 977 P.2d 554 (1999)).

The State argues that Dennis's interpretation allows a person convicted of hundreds of misdemeanors after a five year conviction-free period to recover his or her firearm rights. Dennis disputes that this is an absurd result. He argues that such was the intent of the legislature when it determined that a misdemeanor conviction for crimes would not result in the loss of firearm rights. We reject Dennis's argument because it addresses a different circumstance than that at issue in this case. Here, we are not concerned with whether a person should lose the right to possess a firearm, but whether a person, having lost that right, should have it restored. And the legislature has clearly stated that a misdemeanor conviction is sufficient to preclude restoration of that right.

---

sexual assault protection orders. ENGROSSED SUBSTITUTE H.B. 2906, 64th Leg. Reg. Sess. (Wash. 2016); ENGROSSED SUBSTITUTE S.B. 5256, 65th Leg. Reg. Sess. (Wash. 2017).

We agree with the State that it makes no sense to interpret the statute to allow reinstatement of a person's firearms right when, in the five years preceding the petition, the person has shown an inability to live in society without committing any crimes. That person, after all, bears the burden of proving they are capable of living a crime free life in order to regain their firearms right. It would be illogical to conclude that the legislature intended that a petitioner with recent convictions could meet this burden just because he or she had previously managed five years without one.

The State argues that there are additional absurd results in light of the requirement that a petitioner not have any "current charges". The State proposes the example of a person who goes five years without a criminal conviction after losing firearm rights. Then, he is charged with a misdemeanor or non-disqualifying gross misdemeanor crime. While that charge is pending, RCW 9.41.040(4)(a)(ii)(A) prevents him from petitioning for restoration. But under Dennis's interpretation, he can petition for restoration the moment he is convicted of the crime. Dennis contends that it is not an absurd result because pending charges may be amended upward, so the charge may not reflect the dangerousness of the defendant. While this is true, the result of Dennis's interpretation is still to penalize a charged person more harshly than a convicted person.[5] Given the constitutional right to gun possession, we agree with the State

---

[5] In addition, we note that if the concern is the dangerousness of the person whose charges might be enhanced, imposing pre-trial release conditions related to possession of firearms addresses such a concern more precisely.

10

that it is unlikely that the legislature intended to deprive a person who is merely accused of a crime, only to relieve the prohibition upon conviction.

Giving effect to all the statutory language also supports the State's interpretation. The State argues for meaning in the words "or more" of the requirement that an individual have five *or more* consecutive crime-free years. Under Dennis's interpretation, the words "or more" would merely clarify that a person can petition the court for firearms restoration even if they spent six, seven, or nine years in the community without a conviction. This hardly needs clarifying, so Dennis's interpretation does not give effect to words "or more." We agree with the State that properly construed the term "five or more consecutive years" defines the period of time immediately before the petition is filed as the time when a petitioner must be conviction free in order for firearm rights to be restored.

The State also compares the "five years or more" language to the washout provision of the Sentencing Reform Act, chapter 9.94A RCW, which does not say "or more." Under the washout provision, a Class C Felony is not counted toward an offender score if "the offender spent five years in the community without committing any crime that subsequently results in a conviction." Former RCW 9.94A.525(2)(c) (2016). Comparing these two sections, the State argues that if the Legislature intended to allow firearm restoration after any five year period, they would have written RCW 9.41.040(4)(a)(ii)(A) like they did in RCW 9.94A.525. But by including the words "or more", the legislature must have intended those words to have some effect. Dennis's interpretation gives those

11

words no effect because it makes the restoration provision operate similarly to the washout provision. It would restore firearm rights simply by the passage of a minimum of five conviction-free years. But to give effect to the words "or more", we agree with the State that the required conviction-free period includes a minimum of five years plus whatever additional time precedes the filing of the petition to restore firearm rights.

Based on our review of the legislative history of RCW 9.41.040(4)(a)(ii)(A) and application of the rules of statutory construction, we conclude the legislature intended the statute to require that a petition for restoration of firearm rights must be immediately preceded by five or more consecutive conviction-free years. Because the legislative intent is discernible, we need not apply the rule of lenity. We conclude that the trial court did not err in denying Dennis's petition for firearms restoration.

Affirmed.

_____
Spearman, J.

WE CONCUR:

_____          _____
Verellen                                  Leach, J.

12