# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KRIS BARRY KILBOURNE and BRIGETTE LYNN KILBOURNE, | No. 53620-0-II |
| Appellants, | |
| v. | |
| DEPARTMENT OF RETIREMENT SYSTEMS, | PUBLISHED OPINION |
| Respondent. | |

CRUSER, J. – Kris and Brigette Kilbourne appeal the trial court's dismissal of their lawsuit against the Department of Retirement Systems (Department) for failure to state a claim upon which relief could be granted. The Kilbournes argue that the trial court erred when it concluded that the Department did not have an obligation under RCW 41.26.470(2)[1] to advise Kilbourne's[2] former employer that Kilbourne, a member of the Law Enforcement Officers' and Fire Fighters' Plan 2 (LEOFF 2) retirement plan, was no longer eligible for duty disability retirement benefits and was able to return to work. Because the plain language of RCW 41.26.470(2) does not require the

_____

[1] The legislature amended RCW 41.26.470 twice since 2012. LAWS OF 2013, ch. 287 § 2; LAWS OF 2016, ch. 115 § 3. Because neither amendment changed subsection (2), we cite to the current version of the statute.

[2] We refer to Kris Kilbourne as Kilbourne throughout the opinion.

Department to notify a LEOFF 2 member's former employer when the member is no longer eligible for duty disability retirement benefits and is able to return to work, the Kilbournes fail to establish the Department had an obligation to notify Kilbourne's employer.[3] Accordingly, we affirm.

FACTS

I. BACKGROUND

In 2006, Kilbourne was serving as a police officer in the City of Everett (City) and was an enrolled member of the LEOFF 2 retirement plan. In March 2006, Kilbourne was injured on the job. Kilbourne continued to work intermittently for the City in some capacity until June 30, 2010. In early January 2011, representatives from the police department advised Kilbourne that the City could not hold his patrol officer position open any longer, so it was planning to terminate his employment. Rather than having a termination on his record, Kilbourne submitted a "notice of resignation/retirement due to an on the job injury," effective January 21. Clerk's Papers (CP) at 70.

In April and June 2012, Kilbourne notified the City that his doctors had released him to return to work and requested reinstatement. Despite notifying the City that he could return to work, Kilbourne also applied for "medical retirement." *Id.* at 73. The City responded that it did "not plan" to reinstate Kilbourne but that he could reapply. *Id.* at 74.

---

[3]Because we affirm the trial court on this basis, we do not address the Department's statute of limitations or waiver arguments or the Kilbournes' equitable tolling and discovery rule arguments. *See McGee Guest Home, Inc. v. Dep't of Soc. & Health Servs.*, 142 Wn.2d 316, 327, 12 P.3d 144, (2000) (declining to reach statute of limitations issue when case was resolved on other grounds).

The Kilbournes also raise a procedural due process claim and other claims. But because all of these additional claims depend on our concluding that the Department had an obligation to report to the employer and we hold that there is no such obligation, those claims also fail.

In late September, the Department approved Kilbourne's duty disability retirement application for the period of February 2, 2011 through June 30, 2012. Kilbourne continued to remain retired from his employment with the City and started receiving non-disability related service LEOFF Plan 2 retirement allowance.

In April 2016, the Kilbournes sued the City. *Kilbourne v. City of Everett*, No. 76461-6-I, slip op. at 3, (Wash. Ct. App. May 21, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/764616.pdf. They alleged that the City had violated RCW 41.26.470(2) and sought Kilbourne's reinstatement as a police officer and other relief. *Id.*

In January 2017, the Snohomish Superior Court granted the City's motion for summary judgment and dismissed the case because the Kilbournes had failed to file their complaint against the City within the three-year statute of limitations. *Id*. Division One of the Court of Appeals affirmed the superior court in an unpublished opinion filed May 21, 2018.[4] *Id.* at 15.

## II. LAWSUIT AGAINST THE DEPARTMENT

On August 9, 2018, after the court of appeals affirmed the dismissal of the case against the City, the Kilbournes filed suit against the Department. The Kilbournes alleged that the Department breached its obligation under RCW 41.26.470 when it failed to notify the City that Kilbourne was eligible to return to work and that the Department had a contractual obligation due to Kilbourne's LEOFF 2 membership status.[5]

---

[4] The appeal mandated in October 2018.

[5] The Kilbournes also sought declaratory judgment, which appears to have also been dismissed on summary judgment. The Kilbournes do not raise any issues related to their request for declaratory judgment on appeal.

The Department moved for dismissal for failure to state a claim and for summary judgment. The Department argued, in part, that the Kilbournes had failed to state a claim upon which relief could be granted because the plain language of RCW 41.26.470(2) did not create an obligation to notify the City. The Department also argued that the claim was barred by both a three-year statute of limitations and laches.

The Kilbournes also moved for summary judgment. They argued that under the plain language of RCW 41.26.470 the Department was required to notify the City of decisions regarding disability determinations to effectuate the purpose of that statute. At the hearing on the motion, the Kilbournes also argued that to fulfill its statutory obligation to implement the intent of the legislature, the Department had a duty to promulgate rules and procedures requiring the Department to notify the member's employer when the Department determined that a member was able to return to work. The Kilbournes asserted that their claim was subject to a six-year statute of limitations because it was a contract claim.

After hearing argument, the trial court denied the Kilbournes' motion for summary judgment and granted the Department's motion to dismiss for failure to state a claim upon which relief can be granted. The trial court ruled that RCW 41.26.470(2) does not require the Department to inform the member's employer that the member is no longer eligible for LEOFF Plan 2 duty disability retirement benefits. Given this decision, the trial court declined to rule on the statute of limitations or laches issues. The trial court dismissed the case with prejudice.

The Kilbournes appeal.

ANALYSIS

OBLIGATION TO NOTIFY EMPLOYER

The Kilbournes argue that the trial court erred in concluding that RCW 41.26.470(2) does not create in the Department an obligation to notify a member's former employer when a LEOFF 2 member is no longer eligible for duty disability retirement benefits and is able to return to work. We disagree.

A. LEGAL PRINCIPLES

1. STANDARD OF REVIEW

The parties dispute what standard of review applies. But because the issue here is one of statutory interpretation, our review is de novo. *Anthis v. Copland*, 173 Wn.2d 752, 755, 270 P.3d 574 (2012).

2. RULES OF STATUTORY CONSTRUCTION

> "[Our] fundamental objective in construing a statute is to ascertain and carry out the legislature's intent." *Arborwood Idaho, LLC v. City of Kennewick*, 151 Wn.2d 359, 367, 89 P.3d 217 (2004). Statutory interpretation begins with the statute's plain meaning. Plain meaning "is to be discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009). While we look to the broader statutory context for guidance, we "must not add words where the legislature has chosen not to include them," and we must "construe statutes such that all of the language is given effect." *Rest. Dev., Inc. v. Cananwill, Inc.*, 150 Wn.2d 674, 682, 80 P.3d 598 (2003). If the statute is unambiguous after a review of the plain meaning, [our] inquiry is at an end. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). But if the statute is ambiguous, "[we] may look to the legislative history of the statute and the circumstances surrounding its enactment to determine legislative intent." *Rest. Dev.*, 150 Wn.2d at 682, 80 P.3d 598.

*Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526-27, 243 P.3d 1283 (2010).

"'A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable.'" *Payseno v. Kitsap County*, 186 Wn. App. 465, 469, 346 P.3d 784 (2015) (quoting *Berger v. Sonneland*, 144 Wn.2d 91, 105, 26 P.3d 257 (2001)).

B. No Statutory Obligation

RCW 41.26.470(2) provides:

> Any member who receives an allowance under the provisions of this section shall be subject to such comprehensive medical examinations as required by the department. *If such medical examinations reveal that such a member has recovered from the incapacitating disability and the member is no longer entitled to benefits under Title 51 RCW, the retirement allowance shall be canceled and the member shall be restored to duty* in the same civil service rank, if any, held by the member at the time of retirement or, if unable to perform the duties of the rank, then, at the member's request, in such other like or lesser rank as may be or become open and available, the duties of which the member is then able to perform. In no event shall a member previously drawing a disability allowance be returned or be restored to duty at a salary or rate of pay less than the current salary attached to the rank or position held by the member at the date of the retirement for disability. *If the department determines that the member is able to return to service, the member is entitled to notice and a hearing*. Both the notice and the hearing shall comply with the requirements of chapter 34.05 RCW, the administrative procedure act.

(Emphasis added).

The plain language of RCW 41.26.470(2) requires the Department to provide notice only to the member, not to the member's employer. RCW 41.26.470(2). Thus, the plain language of RCW 41.26.470(2) does not require the Department to also notify the member's employer.

Although we can "look to the broader statutory context for guidance," we generally cannot add words to a statute. *Lake*, 169 Wn.2d at 526. To require the Department to notify the employer when a member is able to return to work would require us to "'add words where the legislature has chosen not to include them,'" which we cannot do unless "'it is imperatively required to make it a

rational statute.'" *Id.* (quoting *Rest. Dev., Inc.*, 150 Wn.2d at 682); *State v. Stevens County Dist. Court Judge*, 194 Wn.2d 898, 906, 453 P.3d 984 (2019) (quoting *In re Postsentence Review of Leach*, 161 Wn.2d 180, 186, 163 P.3d 782 (2007)). Here, RCW 41.26.470(2) obligates the Department to notify only the member not the employer of the change in the member's status. And the omission of an obligation on the Department to notify the employer does not render the statute irrational when the member also has the ability to notify his or her employer of a change in his or her status.

The Kilbournes' reliance on several other statutes in which the legislature required the Department to provide notifications to employers as evidence that notification of the employer is required is not persuasive. Unlike here, the statutes cited by the Kilbournes include express language requiring that the Department notify the employer, and none of the statutes address notifications related to a member's eligibility for benefits or ability to work.[6] Furthermore, those statutes demonstrate that the legislature could require the Department to notify employers when it chose to do so, making it more likely that the legislature intentionally omitted this requirement in RCW 41.26.470(2). *See Swinomish Indian Tribal Community v. Dept. of Ecology*, 178 Wn.2d 571, 586-87, 311 P.3d 6 (2013) (use of certain terms in other legislation indicates that the legislature was aware of the importance and meaning of the terms and their choice of other words in the statute in question shows a different meaning was intended).

---

[6] *See* RCW 41.50.055(6) (Director of the LEOFF retirement system required to furnish employers with the annual financial statements); RCW 41.50.110(2) (Department required to notify employers of their proportional shares of the expense of administering the retirement system); RCW 41.50.132(1)(b) (Department required to provide notification to employers regarding improper deductions); RCW 41.50.139(3) (Department required to bill employer for overpayments plus interest for deposit into appropriate retirement system trust funds).

Based on the plain language of RCW 41.26.470(2), we hold that the Department did not have an obligation to notify the City that Kilbourne was able to return to work.

Accordingly, we affirm the trial court's order granting the Department's motion to dismiss and dismissing the Kilbournes' claims with prejudice.

CRUSER, J.

We concur:

WORSWICK, P.J.

MELNICK, J.