# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>T.D.E.-W.,<br><br>Appellant. | No. 55228-1-II<br><br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. — TDE-W, a juvenile, was adjudicated guilty of attempting to elude a pursuing police vehicle and entered a deferred disposition. Under a deferred disposition for an attempt to elude, juveniles have their driver's license privilege and right to possess firearms revoked until their adjudication is vacated. Juveniles who participate in Cowlitz County's therapeutic court program, on the other hand, do not have their driver's license privilege or right to possess firearms revoked because they are not adjudicated guilty of a crime prior to admission into the program.

TDE-W does not dispute that the State can regulate the firearms possession and the privilege to drive. Even so, he challenges the driver's license and firearms right revocations imposed pursuant to his deferred disposition, arguing that he is similarly situated to juvenile therapeutic court participants and that no rational basis exists for treating juveniles in a deferred disposition differently than juveniles participating in a therapeutic court program. He asserts that by treating juvenile therapeutic court participants differently than those on deferred disposition, the State violates equal protection.

We assume without deciding that juveniles on deferred disposition are similarly situated to juveniles in therapeutic courts, but conclude that there is a rational basis for treating those adjudicated guilty upon entering a deferred disposition from those who enter a therapeutic court without being adjudicated guilty. Therefore the statutes survive rational basis review and do not violate equal protection. Accordingly, we affirm.

## FACTS

A police officer attempted to pull TDE-W over for speeding. TDE-W accelerated and sped away from the officer. Eventually, TDE-W lost control of his vehicle and crashed.

The State charged TDE-W with one count of attempting to elude a pursuing police vehicle. TDE-W moved for a deferred disposition, which involves an adjudication based on admitted facts of the charge. TDE-W so stipulated, and the court adjudicated him guilty and granted the deferred disposition. Deferred disposition adjudications like TDE-W's can later be vacated if the juvenile respondent fulfills certain conditions. RCW 13.40.127(3)-(4), (9).

By contrast, the parties do not dispute that Cowlitz County juvenile therapeutic court program participants are not adjudicated guilty so long as they successfully complete the program. Pursuant to TDE-W's adjudication of attempting to elude, the Department of Licensing (DOL) is required to revoke TDE-W's driver's license privilege and TDE-W's right to possess a firearm will also be revoked. RCW 46.20.285; RCW 9.41.040(3). The court was required to notify the DOL so that the DOL could suspend TDE-W's driver's license. *See* RCW 46.20.285. That notification was stayed pending this appeal.

## ANALYSIS

As an initial matter, TDE-W does not bring a facial challenge to the constitutionality of the statutes restricting his driving privilege or his right to possess firearms. Rather, TDE-W appears

to allege disparate treatment under the statutes as applied to him based on his classification as "a member of the group of juveniles charged with felony offenses involving motor vehicles and who qualify for deferred disposition." Br. of Appellant at 17. He appears to allege that unlike otherwise similarly situated juvenile participants in the therapeutic court program, those in deferred dispositions have their driving privileges and firearms rights revoked. TDE-W alleges this violates his right to equal protection of the law.

I. BACKGROUND

TDE-W's appeal requires understanding of both deferred disposition and therapeutic courts.

A. Deferred Disposition

The legislature passed the Juvenile Justice Act of 1977 creating Title 13 RCW with the intent to create a system to respond "to the needs of youthful offenders and their victims." RCW 13.40.010(2). To further that end, the legislature identified several purposes of the legislation, including protecting citizens from crime; ensuring juvenile offenders are accountable for their offenses and are punished according to their age, offense, and criminal history; providing rehabilitation and treatment, determining which offenders shall receive "punishment, treatment, or both." RCW 13.40.010(2)(a), (c), (d), (f), (g), (k).

Under RCW 13.40.127, a juvenile who commits certain offenses may move for a deferred disposition. A differed disposition allows a juvenile adjudicated of a crime to have the adjudication vacated with prejudice after a period of supervision. RCW 13.40.127(9)(b). A trial court may grant a deferred disposition after the juvenile stipulates to the facts of the offense, and the trial court adjudicates the juvenile guilty of the crimes committed. RCW 13.40.127(3)-(4). If the trial court grants a juvenile's motion for a deferred disposition, the juvenile enters community

supervision. RCW 13.40.127(5). "[A] juvenile is 'convicted' when they enter into a deferred disposition." *State v. M.Y.G.*, 199 Wn.2d 528, 530, 509 P.3d 818 (2022).[1]

A juvenile will have their driving privilege revoked if the trial court enters a final adjudication of guilt for attempting to elude. RCW 46.20.285. A juvenile will also have their right to possess firearms revoked if the court adjudicates them guilty of any felony. RCW 9.41.040(2)(a)(1), (3). Attempting to elude is a felony. RCW 46.61.024.

Upon successful completion of a period of supervision, a court will determine whether the juvenile is "entitled to dismissal of the deferred disposition." RCW 13.40.127(9)(a). If so, it will vacate the juvenile's conviction and dismiss the case with prejudice. RCW 13.40.127(9)(b). However, "[i]f the court finds the juvenile is not entitled to dismissal of the deferred disposition[,] . . . the court shall revoke the deferred disposition and enter an order of disposition. A deferred disposition shall remain a conviction unless the case is dismissed and the conviction is vacated . . . or sealed pursuant to RCW 13.50.260." RCW 13.40.127(9)(c).

B. Therapeutic Court

Under RCW 2.30.030, the legislature authorized counties to create alternative therapeutic court programs. The legislation recognizes the benefit of reducing recidivism by diverting defendants to an alternative program focused on treatment. RCW 2.30.010(2); *State v. Little*, 116 Wn. App. 346, 351, 66 P.3d 1099 (2003) (examining drug courts authorized under former RCW 2.28.170 (1999)). Therapeutic court programs allow "defendants or respondents the opportunity to obtain treatment services to address particular issues that may have contributed to the conduct that led to their arrest." RCW 2.30.010(1).

---

[1] The deferred disposition statute uses the term "conviction/convicted." In this opinion we are discussing adjudication, but use the term conviction where appropriate to maintain consistency with the statutory authorities.

The program allows juveniles to forgo prosecution and have their case or charges dismissed upon completion of the program. Importantly, the juvenile is not adjudicated guilty of the offense; instead the case is removed from the traditional prosecution track so long as the juvenile remains in the program. *See* RCW 2.30.010(1).

II.   CLASSIFICATION

Equal protection ensures that "similarly situated persons receive like treatment under the law." *Thornock v. Lambo*, 14 Wn. App. 2d 25, 33, 468 P.3d 1074 (2020). The State violates a defendant's equal protection rights when it administers a valid law in a way that "'unjustly discriminates between similarly situated persons.'" *State v. Handley*, 115 Wn.2d 275, 289, 796 P.2d 1266 (1990) (quoting *Stone v. Chelan County Sheriff's Dep't*, 110 Wn.2d 806, 811, 756 P.2d 736 (1988)).

Both the Washington and United States Constitutions provide the same protections. We assume without deciding that juveniles charged with attempt to elude in a deferred disposition are similarly situated to juveniles charged with attempt to elude and then proceed in therapeutic courts. *See, e.g.*, *Handley*, 115 Wn.2d at 290. We, therefore, consider whether a rational basis supports treating those in a deferred disposition, like TDE-W, differently from those in a therapeutic court program.

III.   RATIONAL BASIS ANALYSIS

TDE-W does not argue for higher scrutiny than rational basis for either the restriction of his firearms possession or the restriction on his driving. *See* Wash. Court of Appeals oral argument, *State v. T.D.E.-W.*, No. 55228-1-II (January 27, 2022), at 5 min., 8 sec. to 5min., 58 sec. (on file with court) (TDE-W concedes that the statute regulating firearms should be reviewed under rational basis.); Br. of Appellant at 15 (TDE-W argues for rational basis review of the statutes

regulating the privilege to drive).[2]  Accordingly, we utilize a rational basis test in reviewing the subject legislation.  In doing so, we conclude that there is a rational basis for treating those juveniles charged with a motor vehicle felony in deferred disposition differently from juveniles charged with a motor vehicle felony who are in therapeutic court.

Under rational basis review, we uphold a statutory classification if it bears a "'rational relation to some legitimate end.'"  *State v. Hirschfelder*, 170 Wn.2d 536, 551, 242 P.3d 876 (2010) (internal quotation marks omitted) (quoting *Am. Legion Post #149 v. Dep't of Health*, 164 Wn.2d 570, 609, 192 P.3d 306 (2008)).  The party challenging a statute bears the "heavy burden of overcoming a presumption that the statute is constitutional."  *State v. Shawn P.*, 122 Wn.2d 553, 561, 859 P.2d 1220 (1993).  To overcome this burden under rational basis review, the challenger must show conclusively that the statutory classification is purely arbitrary.  *Id.*  In looking for a rational relation, we may assume the existence of any necessary state of facts which we can reasonably conceive.  *State v. Smith*, 93 Wn.2d 329, 336-37, 610 P.2d 869 (1980).  In order to defeat the legislation, the defendant must show, beyond a reasonable doubt, that no state of facts exists or can be conceived sufficient to justify the challenged classification, or that the facts have so far changed as to render the classification arbitrary and obsolete.  *Id.*

TDE-W argues that no rational basis supports the disparate treatment between juveniles charged with attempt to elude in a deferred disposition and juveniles charged with attempt to elude who are in a therapeutic court.  To prevail on his claim, TDE-W must show that the disparate treatment is purely arbitrary.  *Shawn*, 122 Wn.2d at 561.

TDE-W's assertion dodges the distinguishing factor underlying those in a deferred disposition and those in a therapeutic court: the adjudication of guilt.  He fails to show that the

---

[2] In fact, both parties ask us to apply rational basis review.

distinction between juveniles in a deferred disposition (adjudicated guilty) and therapeutic court participants (not adjudicated guilty) is purely arbitrary. Indeed, he fails to analyze the distinct statutes to identify any state interest, and he fails to argue that the legislative purpose behind treating juveniles in juvenile therapeutic court and juveniles in deferred disposition differently is illegitimate. We conclude that the adjudication of guilt is a rational basis on which to treat the juveniles differently when it comes to suspension of driving privileges and revocation of firearm rights.

A.     The Classification is Rationally Related to the Purpose of the Legislation

Differing treatment of those who are adjudicated guilty and those who are not adjudicated guilty is rationally related to the purpose of the statutes at issue.

Those adjudicated guilty to an attempt to elude charge at the outset of a deferred disposition have their privilege to drive suspended and their firearm rights revoked, which vindicates the purpose underlying the two operative statutes: RCW 46.20.285 and RCW 9.41.040(2)(a)(i), (3).

The purpose of RCW 46.20.285 is to improve the safety of our highways through driver licensing procedures. *See Tumelson v. Todhunter*, 105 Wn.2d 596, 602, 716 P.2d 890 (1986) (purpose of chapter 46.20 RCW is highway safety). It is immediately apparent that limiting the right to drive of those who drive recklessly, which is an element of attempt to elude, is rationally related to the safety of the highways. Similarly, the purpose of RCW 9.41.040 is community safety. *Payseno v. Kitsap County*, 186 Wn. App. 465, 472, 346 P.3d 784 (2015). Our legislature found that "'increasing violence in our society causes great concern for the immediate health and safety of our citizens and our social institutions.'" *Id*. (quoting LAWS OF 1994, 1st Spec. Sess., ch. 7, § 101). Additionally, the legislature found that "'violence is abhorrent to the aims of a free

7

society and that it can not be tolerated.'" *Payseno*, 186 Wn. App. at 472 (quoting LAWS OF 1994, 1st Spec. Sess., ch. 7, § 101).

In contrast, the legislature created the therapeutic court program because it recognized that the community benefits by incentivizing treatment for juveniles who commit crimes due to mental health or substance use disorders. RCW 2.30.010(4)(a)-(l); *Little*, 116 Wn. App. at 351. RCW 2.30.030 recognizes that juveniles who have a chemical dependency or mental health diagnosis that predisposes them to criminal activity may benefit from a program specifically designed to meet their unique needs. *Little*, 116 Wn. App. at 351. The different treatment of therapeutic court participants is rationally related to that interest because it creates a treatment-focused diversion program for juveniles suffering from mental health or substance use disorders. There are good reasons not to adjudicate a therapeutic court participant guilty before entry into the program, including that this may incentivize commitment to the program and successful participation. Treating that population of juveniles differently and incentivizing participation and success in therapeutic court for those juveniles is rationally related to the purpose of the statute—to ensure treatment for juveniles with mental health or substance use disorders.

TDE-W has failed to show that the different treatments juveniles receive under RCW 13.40.127 (deferred disposition) and RCW 2.30.030 (therapeutic court) are purely arbitrary, and therefore, his equal protection claim regarding statutory consequences under RCW 46.61.270, RCW 46.20.285, and RCW 9.41.040 fails.

## CONCLUSION

A rational basis justifies treating those who are in a deferred disposition differently from those in a therapeutic court. The statutes survive rational basis review. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Lee, J.

_____
Glasgow, C.