[No. 78606-2. En Banc.]
Argued March 29, 2007. Decided June 7, 2007.

THE STATE OF WASHINGTON, *Respondent*, v. MITIA MARIE DION, *Petitioner*.

*David B. Koch* (of *Nielson, Broman & Koch, PLLC*), for petitioner.

*Daniel T. Satterberg, Acting Prosecuting Attorney,* and *Brian M. McDonald, Deputy,* for respondent.

¶1 OWENS, J. — A juvenile court may extend its jurisdiction over a juvenile beyond the juvenile's 18th birthday if "[p]roceedings are pending seeking the adjudication of a juvenile offense." RCW 13.40.300(1)(a). In this case, we review whether proceedings were pending when the juvenile court extended its jurisdiction beyond Mitia Dion's 18th birthday.

## FACTS

¶2 On July 28, 2004, police arrested then 17-year-old Dion for allegedly shoplifting a tee shirt from a department store and then punching and kicking the security guard. Police transported Dion to a booking facility and held her in custody on July 29 and 30, 2004.

¶3 On July 30, 2004, Dion appeared in juvenile court for a probable cause and detention hearing. The juvenile court judge found that probable cause supported Dion's arrest for second degree robbery. The State argued for Dion's continued detention, but the judge instead imposed temporary conditions of release. The judge set the information filing deadline for August 2, 2004, and ordered Dion to return for a second appearance on August 3, 2004. At the July 30 hearing, defense counsel asked the judge to extend juvenile jurisdiction because Dion would turn 18 the next day, July 31, 2004. Over the State's objection, the judge extended juvenile court jurisdiction for six months. The State did not file an information in juvenile court by the August 2 deadline, and the judge vacated Dion's conditions and released her unconditionally on August 3, 2004.

¶4 On September 30, 2004, the State filed an information in King County Superior Court charging Dion with second degree robbery. Dion moved to dismiss the charge for lack of jurisdiction because of the juvenile court's order extending juvenile jurisdiction. The superior court judge referred the motion to the juvenile court judge. The juvenile court judge granted Dion's motion to dismiss the adult charge on the basis that the juvenile court retained jurisdiction. The juvenile court judge reasoned that "[t]he preliminary proceedings bearing upon probable cause issues, conditions of release and detention review hearings all invoke the court's jurisdiction and all appear to be proceedings which are conducted toward the ultimate objective of an adjudication." Clerk's Papers at 57. The State appealed.

¶5 The Court of Appeals reversed and remanded to the superior court, holding that a juvenile court establishes jurisdiction only when the State files an information and thus RCW 13.40.300(1)(a) applies only to proceedings seeking the adjudication of a *charged* offense. Applying this rule, the court found that proceedings were not pending when the juvenile court conducted the probable cause and detention hearing and imposed conditions of release. *State v. Dion*, 131 Wn. App. 729, 734, 129 P.3d 805 (2006). We granted Dion's petition for review. 158 Wn.2d 1024 (2007).

## ISSUE

¶6 Were proceedings pending in the juvenile court under RCW 13.40.300(1)(a) when (1) the State had not filed an information and (2) the court imposed temporary conditions on the juvenile's release?

## ANALYSIS

### A. *Standard of Review*

■ ¶7 Statutory interpretation is a question of law reviewed de novo. *State v. Salavea*, 151 Wn.2d 133, 140, 86 P.3d 125 (2004).

*B. Juvenile Court Jurisdiction*

■ ■ ¶8 With few exceptions, juvenile courts have exclusive original jurisdiction over all proceedings relating to individuals under age 18. *See* RCW 13.04.030(1)(e). Whether a juvenile court has jurisdiction over a particular proceeding depends on when the State initiates proceedings against the offender, not when the juvenile commits the offense. *Salavea*, 151 Wn.2d at 141-42. Juvenile court jurisdiction terminates when the defendant turns 18, unless the court lawfully extends jurisdiction before the juvenile's 18th birthday. *State v. Calderon*, 102 Wn.2d 348, 349, 684 P.2d 1293 (1984).

¶9 The statutory provision at issue here provides that the juvenile court may extend jurisdiction by written order only if prior to the juvenile's 18th birthday "[p]roceedings are pending seeking the adjudication of a juvenile offense." RCW 13.40.300(1)(a). Thus, we must determine whether proceedings were pending seeking the adjudication of a juvenile offense when the juvenile court judge extended juvenile jurisdiction beyond Dion's 18th birthday.

¶10 In answering this question, we refer to the juvenile court rules. The juvenile court generally establishes jurisdiction over a juvenile offense proceeding when the State files an information. JuCR 7.1. However, the State may take a juvenile into custody before filing an information. JuCR 7.3(c). When the State detains a juvenile before filing an information, the juvenile court must make every reasonable effort to conduct a hearing on the juvenile's detention by the end of the next day. *Id.* The court may temporarily detain the juvenile or impose conditions of release, but if the State does not file an information within 72 hours after taking the juvenile into custody, the court must unconditionally release the juvenile. *Id.*

■ ¶11 The State argues that the juvenile court's jurisdiction is established when the State files an information in juvenile court. However, the court has jurisdiction to detain the juvenile or impose conditions of release for 72 hours

pending the State's filing of the information. *Id*. During the interim period when the juvenile court detains or subjects the juvenile to release conditions before the State files an information, "[p]roceedings are pending seeking the adjudication of a juvenile offense" in the juvenile court for purposes of RCW 13.40.300(1)(a). Therefore, under the rare circumstances where the juvenile's 18th birthday occurs after the juvenile court has imposed detention or release conditions but before the State's 72-hour information filing deadline, the juvenile court has the authority under RCW 13.40.300(1)(a) to extend its jurisdiction.

¶12 This approach provides the State with the opportunity to conduct an investigation within the allotted 72-hour period before filing an information in juvenile court.[1] If the State files an information before the filing deadline, the juvenile court may further extend its jurisdiction because "proceedings are pending" in the juvenile court. However, if the State does not file the information and the 72-hour period expires, the juvenile court must vacate the conditions and release the juvenile unconditionally. JuCR 7.3(c). If the defendant is no longer detained or subject to conditions of release, the juvenile court may no longer extend its jurisdiction under RCW 13.40.300(1)(a) because proceedings are no longer pending in the juvenile court.

¶13 Here, the juvenile court had authority to extend jurisdiction beyond Dion's 18th birthday because she remained subject to the court's conditions after her 18th birthday. However, the juvenile court extended its jurisdiction beyond the period during which proceedings were pending. When the State did not file an information before the 72-hour filing deadline and the juvenile court vacated its conditions and released Dion unconditionally, the juve-

---

[1] Although juveniles who commit a crime shortly before their 18th birthday run the risk of prosecution as an adult, courts guard against improper filing delays that result in the loss of juvenile court jurisdiction by presuming prejudice and dismissing charges when either the State cannot adequately justify the delay or the resulting prejudice outweighs the State's interest in the delay. *See State v. Dixon*, 114 Wn.2d 857, 860, 792 P.2d 137 (1990); *see also Calderon*, 102 Wn.2d at 352-54.

nile court could no longer extend its jurisdiction because proceedings were no longer pending seeking the adjudication of a juvenile offense.

## CONCLUSION

¶14 Proceedings are pending in the juvenile court pursuant to RCW 13.40.300(1)(a) before the State files an information when the court temporarily detains the juvenile or imposes release conditions under JuCR 7.3(c). The juvenile court may extend its jurisdiction beyond the juvenile's 18th birthday until the 72-hour information filing deadline. Whether the juvenile court may further extend its jurisdiction beyond the filing deadline depends on whether the State files an information in juvenile court. The State did not file an information in juvenile court and the juvenile court released Dion unconditionally. Thus, the juvenile court no longer had jurisdiction over the proceeding. We affirm the Court of Appeals' result and remand to superior court.

ALEXANDER, C.J.; C. JOHNSON, MADSEN, SANDERS, CHAMBERS, FAIRHURST, and J.M. JOHNSON, JJ.; and BROWN, J. PRO TEM., concur.