# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51979-8-II |
| Respondent, | consolidated with |
| | Nos. 51982-8-II |
| v. | 51989-5-II |
| ROSS ANTHONY BURKE, | |
| | PUBLISHED OPINION |
| Appellant. | |

MAXA, C.J. – Ross Burke, who now is over 30 years old, appeals three juvenile court orders denying his petitions to restore his right to possess a firearm that he filed in separate juvenile court cases. As a result of criminal adjudications in those juvenile court cases, the juvenile court had prohibited Burke from possessing or owning a firearm. RCW 9.41.040(4)(b)[1] provides that a petition to restore the right to possess a firearm may be filed only at the "court of record" that ordered the prohibition on possession of a firearm or at the superior court in the county in which the petitioner resides. The juvenile court dismissed the petitions because they were filed under a juvenile court cause number, ruling that a juvenile court is not a "court of record."

---

[1] RCW 9.41.040 has been amended since the appellant submitted his petitions. Because those amendments do not materially affect the statutory language relied on by this court, we cite to the current version of the statute.

We hold that (1) a juvenile court, as a division of the superior court, is a "court of record" under RCW 9.41.040(4)(b); (2) RCW 9.41.040(4)(b) authorized Burke to file his petitions under the juvenile court cause numbers even though he no longer was a juvenile; and (3) the superior court had jurisdiction to restore Burke's right to possess a firearm. Accordingly, we reverse the juvenile court's orders denying Burke's petitions to restore his right to possess a firearm and remand for the superior court to enter the restoration orders in all three cases.[2]

## FACTS

At the age of 17, Burke pleaded guilty in 2004 to a Class C felony in Clark County juvenile court. The juvenile court's order of disposition prohibited Burke from owning, possessing, or controlling a firearm. Burke had two other juvenile adjudications in 2001 and in 2002 that contained the same prohibitions.

In 2018, Burke filed a petition to have his right to possess a firearm restored. He filed the petition under the same juvenile court cause number as his original 2004 adjudication. The State acknowledged that Burke had satisfied the statutory requirements for restoration of his right to possess a firearm. However, the State argued that the juvenile court lacked authority to restore Burke's right to possess a firearm because the juvenile court was not a "court of record." The juvenile court ruled that a juvenile court was not a "court of record" within the meaning of RCW 9.41.040(4)(b). Therefore, the court denied Burke's petition.

Burke filed similar petitions in his other two juvenile cases, under the same juvenile court cause numbers as his original adjudications. The juvenile court in those cases also ruled that a juvenile court was not a "court of record" and denied Burke's petitions.

Burke appeals the three orders denying his petitions.

---

[2] The parties have agreed that Burke is eligible for firearm restoration.

ANALYSIS

A.    STANDARD OF REVIEW

This case involves questions of statutory interpretation, which we review de novo. *State v. Evans*, 177 Wn.2d 186, 191, 298 P.3d 724 (2013). When engaging in statutory interpretation, our objective is to determine the legislature's intent by looking to the statute's plain language, the text of the provision, the context of the statute, related provisions, and the statutory scheme as a whole. *State v. Larson*, 184 Wn.2d 843, 848, 365 P.3d 740 (2015). We attempt to harmonize statutory provisions whenever possible. *State v. Peterson*, 174 Wn. App. 828, 856, 301 P.3d 1060 (2013). If a statute is unambiguous, we apply the statute's plain meaning as an expression of legislative intent. *Larson*, 184 Wn.2d at 848.

B.    JUVENILE COURT IS A COURT OF RECORD

Burke argues that the juvenile court had the authority to consider his petitions to restore his right to possess a firearm because it is a "court of record" as required by RCW 9.41.040(4)(b). The State conceded this point at oral argument. We agree.

    1.    Legal Background

Under RCW 9.41.040(2)(a)(i), a person cannot legally own, possess, or control any firearm if the person has been convicted of any felony. RCW 9.41.047(1)(a)[3] provides that at the time a person is convicted of an offense making the person ineligible to possess a firearm, the court shall notify the person that he or she "may not possess a firearm unless his or her right to do so is restored by a court of record."

---

[3] RCW 9.41.047 has been amended since the appellant submitted his petitions. Because those amendments do not materially affect the statutory language relied on by this court, we cite to the current version of the statute.

RCW 9.41.040(4)(a) states that a person who has been prohibited from possessing a firearm may, subject to certain statutory requirements, petition a "court of record" to have his or her right to possess a firearm restored. If the petitioner has met the statutory requirements, the court performs a ministerial function to restore the petitioner's rights. *State v. Swanson*, 116 Wn. App. 67, 78, 65 P.3d 343 (2003). The parties agree that Burke has met the statutory requirements.

RCW 9.41.040(4)(b) states that a person may file a petition to have his or her right to possess a firearm restored only at:

(i) *The court of record* that ordered the petitioner's prohibition on possession of a firearm; or

(ii) The superior court in the county in which the petitioner resides.

(Emphasis added.) At issue here is whether a juvenile court is a "court of record."

2. Juvenile Court Status

Article IV, section 11 of the Washington Constitution states that "[t]he supreme court and the superior courts shall be courts of record, and the legislature shall have power to provide that any of the courts of this state, excepting justices of the peace, shall be courts of record." The legislature has specified that courts of record include the Supreme Court, RCW 2.04.020, the Court of Appeals, RCW 2.06.010, and the superior courts, RCW 2.08.030.

Chapter 13.04 RCW establishes juvenile courts. Juvenile courts have exclusive original jurisdiction over various matters involving juveniles, including matters relating to certain offenses committed by juveniles. RCW 13.04.030(1)(e).[4]

---

[4] RCW 13.04.030 has been amended since the appellant submitted his petitions. Because those amendments do not materially affect the statutory language relied on by this court, we cite to the current version of the statute.

But the juvenile court is not an independent court. RCW 13.04.021(1) expressly states that the juvenile court "shall be a division of the superior court." The legislature "can promulgate laws that govern procedures as to which 'sessions' of the superior court will hear certain types of cases." *State v. Posey*, 174 Wn.2d 131, 136, 272 P.3d 840 (2012). The juvenile court is merely the superior court sitting in juvenile court session. *Id.* at 141.

The Supreme Court repeatedly has confirmed that the juvenile court and the superior court are not separate courts. *See State v. Maynard*, 183 Wn.2d 253, 263, 351 P.3d 159 (2015) ("[J]uvenile courts and superior courts are not separate and distinct; juvenile courts exist as a division of the superior court."); *Posey*, 174 Wn.2d at 141 ("Juvenile courts are not separate and distinct from superior courts."); *State v. Werner*, 129 Wn.2d 485, 492, 918 P.2d 916 (1996) ("The juvenile court is only a division of the superior court, not a separate constitutional court."). The legislature "simply authorized the characterization of the superior court, or a 'session' thereof, as a 'juvenile court' " when processing certain cases. *Dillenburg v. Maxwell*, 70 Wn.2d 331, 352, 422 P.2d 783 (1967).

Because the superior court is a court of record and the juvenile court is a division of the superior court, the juvenile court necessarily must also be a court of record. Any other holding would treat the superior court and the juvenile court as separate, independent courts rather than part of the same court. Accordingly, we hold that the juvenile court is a court of record and that the juvenile court had authority under RCW 9.41.040(4)(b)(i) to consider Burke's petitions to restore his right to possess a firearm.

C.    FILING PETITIONS IN JUVENILE COURT

Burke argues that RCW 9.41.040(4)(b)(i) authorized him to file his petitions to restore his right to possess a firearm under the same juvenile court cause numbers as his original

adjudications even though he no longer was a juvenile. The State conceded this point at oral argument. We agree.

RCW 9.41.040(4)(b)(i) states that a petition to restore firearm rights can be filed in the court of record that removed those rights. Here, the juvenile court prohibited Burke from possessing a firearm. As discussed above, the juvenile court is a court of record. Therefore, the plain language of RCW 9.41.040(4)(b)(i) authorized Burke to file his petitions in the same juvenile court as his adjudications. And nothing in RCW 9.41.040(4)(b)(i) suggests that the petitioner must be a juvenile in order to file the petition in juvenile court.

Accordingly, we conclude that Burke could properly file his petitions under his juvenile court cause numbers.

D.       JURISDICTION TO ADDRESS PETITIONS

Burke argues that the juvenile court had jurisdiction to restore his right to possess a firearm under RCW 9.41.040(4)(b)(i) even though he was not a juvenile when he filed his petitions.[5] We hold that regardless of the limits of the juvenile court's statutory jurisdiction, the superior court had jurisdiction to consider the petitions and to grant Burke's petitions based on the general constitutional jurisdiction of superior courts.

1.    Legal Background

Subject matter jurisdiction refers to a court's authority to consider a type of controversy. *State v. Peltier*, 181 Wn.2d 290, 296, 332 P.3d 457 (2014). Article IV, section 6 of the Washington Constitution grants superior courts original jurisdiction in all criminal felony cases and "in all cases and of all proceedings in which jurisdiction shall not have been by law vested

---

[5] The parties agree that a juvenile court's jurisdiction is statutory, not constitutional.

exclusively in some other court." Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Peltier*, 181 Wn.2d at 294.

RCW 13.04.030 establishes that the juvenile court has "exclusive original jurisdiction" over proceedings "[r]elating to juveniles alleged or found to have committed" certain offenses. RCW 13.04.030(1)(e). The relevant statute defines "juvenile" to mean any individual under age 18. RCW 13.40.020(15).[6]

Once the juvenile court obtains statutory jurisdiction over a juvenile, that jurisdiction terminates when the defendant becomes 18 unless the court lawfully extends its jurisdiction before losing jurisdiction. *State v. Dion*, 160 Wn.2d 605, 609, 159 P.3d 404 (2007). "Even if a juvenile cause were pending and not yet heard on the merits prior to the juvenile's 18th birthday, the juvenile court loses jurisdiction." *State v. Bushnell*, 38 Wn. App. 809, 811, 690 P.2d 601 (1984).

However, once the juvenile court's exclusive statutory jurisdiction over a juvenile offender ends, the superior court continues to have jurisdiction over that offender. *Posey*, 174 Wn.2d at 140-41. By creating a juvenile court, "the legislature *did not* deprive the superior courts of their original jurisdiction over crimes committed by juveniles." *Id.* at 140. "[E]ven if charges are filed and a plea is entered in juvenile court, the general jurisdiction of the superior court automatically takes over when the offender turns 18," absent an extension. *State v. Golden*, 112 Wn. App. 68, 74-75, 47 P.3d 587 (2002).

---

[6] RCW 13.40.020 has been amended since the appellant submitted his petitions. Because those amendments do not materially affect the statutory language relied on by this court, we cite to the current version of the statute.

2.    Analysis

Here, Burke was 32 years old when he filed his petitions to restore his right to possess a firearm in the juvenile court. The juvenile court's statutory jurisdiction ended when Burke became 18 years old. *Dion*, 160 Wn.2d at 609. But after that point, there is no question that constitutional jurisdiction over Burke's cases remained with the superior court. *Posey*, 174 Wn.2d at 141-42.

Burke's restoration petitions were considered by judges of the superior court.[7] Superior courts have broad constitutional jurisdiction over matters like petitions to restore the right to possess a firearm. Therefore, we conclude that the superior court had jurisdiction to consider Burke's petitions to restore his firearm rights and the superior court judges had authority to grant those petitions.

CONCLUSION

We reverse the juvenile court's orders three orders denying Burke's petitions to restore his right to possess a firearm and remand for the superior court to enter the restoration orders.

_____
MAXA, C.J.

We concur:

_____
MELNICK, J.

_____
SUTTON, J.

---

[7] Because superior court judges considered Burke's petitions, we need not address whether commissioners appointed pursuant to chapter 2.24 RCW would have the authority to grant Burke's petitions.