IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37820-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| B.B., | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — B.B. seeks to restore his firearm rights. B.B., now an adult, filed his

petition to restore in juvenile court and under the same cause number of his juvenile court

adjudication, in which he lost his rights. The superior court, sitting as a juvenile court,

denied the petition on the ground that B.B. needed to file a new action in superior court.

We reverse and remand for the granting of the petition to restore firearm rights. We

direct the superior court, on remand, to decide whether or not to seal the petition

pleadings.

FACTS

Appellant B.B. was born on October 5, 1987. In 2004, Kittitas County Juvenile

Court entered an adjudication against B.B., then sixteen years old, for committing the

crime of felony harassment.  As a result, B.B. lost his right to possess a firearm.

PROCEDURE

On August 21, 2020, B.B., then age 32, filed, under his juvenile court cause number, a motion to restore his firearm rights pursuant to RCW 9.41.040(4).  B.B. also filed a motion to seal his juvenile record pursuant to RCW 13.50.260.  The motion to seal does not appear in our record.  On September 25, 2020, the trial court granted the motion to seal.

In his brief in support of his motion to regain firearm rights, B.B. argued that the trial court should approve of his filing the motion under the same juvenile cause number as his original adjudication.  If granted this permission from the court, B.B. could have his firearm rights restored in juvenile court and presumably the order restoring rights would be sealed.

The State of Washington contested B.B.'s motion to restore firearm rights.  The State argued that the juvenile court did not have the authority to restore B.B.'s right to possess a firearm after he reached age 18 because the court lost jurisdiction to entertain a petition from an adult.  The State also contended that permitting an adult to file a petition for restoration of firearm rights under RCW 9.41.040(4)(b) in a sealed juvenile case circumvented Washington State constitutional safeguards, General Rule 15, and established case law.  According to the State, the court, before sealing a petition for restoration of firearm rights, must consider the five factors outlined in *Seattle Times v.*

*Ishikawa*, 97 Wn.2d 30, 640 P.2d 716 (1982). The State also highlighted that restoring firearm rights in the original sealed juvenile criminal file precluded notice to the public of the restoration.

In response to B.B.'s motion for restoration of firearm rights, the State further maintained that the juvenile court should follow the local practice of the Kittitas County Superior Court clerk that requires a petitioner seeking to restore firearm rights to file a separate civil cause of action and to pay a $240 filing fee pursuant to RCW 36.18.020(2)(a), (c). According to the State, the county practice promoted judicial efficiency as a petitioner could file a single petition with supporting documents and obtain a single order restoring firearm rights that would reference all criminal convictions in the county regardless of the number of cause numbers, in which the convictions rested. The trial court adopted all of the State's arguments and denied B.B.'s motion to restore firearm rights.

## LAW AND ANALYSIS

On appeal, B.B. continues to seek restoration of his firearm rights. This quest raises numerous issues. First, may an adult file a petition for restoration of firearm rights in juvenile court, when the juvenile court revoked the rights at the time that the petitioner was a juvenile? Second, may a superior court clerk adopt a practice that binds a petitioner to file a motion to restore firearm rights under a new civil action cause number

and to pay a $240 filing fee?  Third, assuming the adult may file a petition in juvenile

court, may the pleadings and order be sealed?

Filing in Juvenile Court

Before the superior court, the State contended that the juvenile court lacked

jurisdiction to entertain a petition to restore firearm rights when the petitioner is eighteen

years of age or older.  On appeal, the State does not expressly assert this position.

Instead, the State focuses on the incongruity of any petition and order restoring rights

potentially being sealed in juvenile court.  The State objects, on constitutional grounds

and other grounds, to the juvenile court handling the petition because of the implications

of sealing the records.  We, nonetheless, review the juvenile court's authority to entertain

a petition to restore firearm rights.  We will later address any complications attended to

sealing the petition and order.

B.B. relies on RCW 9.41.040(4) for the proposition that he may present his

petition to restore firearm rights in juvenile court.  The statute reads in relevant part:

> (a) . . . if a person is prohibited from possession of a firearm . . . ,
> the individual may petition a court of record to have his or her right to
> possess a firearm restored:
> (i) Under RCW 9.41.047. . . .
> (b) An individual may petition *a court of record* to have his or her
> right to possess a firearm restored under (a) of this subsection *only at*:
> (i) *The court of record that ordered the petitioner's prohibition* on
> possession of a firearm; *or*
> (ii) *The superior court* in the county in which the petitioner resides.

(Emphasis added.)

4

Under RCW 9.41.040(4), only courts of record may entertain a petition to restore firearm rights. Pursuant to Article IV, section 11 of the Washington State Constitution, "[t]he supreme court and the superior courts shall be courts of record, and the legislature shall have power to provide that any of the courts of this state, excepting justices of the peace, shall be courts of record." The legislature has expressly confirmed that "superior courts are courts of record." RCW 2.08.030.

Chapter 13.04 RCW establishes juvenile courts. Juvenile courts have exclusive original jurisdiction over various cases involving juveniles, including matters relating to certain offenses committed by juveniles. RCW 13.04.030(1)(e). The juvenile court, established in chapter 13.04 RCW, is not an independent court. The juvenile court functions as "a division of the superior court." RCW 13.04.021(1); *State v. Maynard*, 183 Wn.2d 253, 263, 351 P.3d 159 (2015). The juvenile court acts as the superior court sitting in juvenile court session. *State v. Posey*, 174 Wn.2d 131, 141, 272 P.3d 840 (2012); *State v. Burke*, 12 Wn. App. 2d 943, 948, 466 P.3d 1147 (2020). Because the superior court is a court of record and the juvenile court is a division of the superior court, the juvenile court necessarily must also be a court of record. *State v. Burke*, 12 Wn. App. 2d 943, 949 (2020). Accordingly, the juvenile court possesses authority under RCW 9.41.040(4)(b)(i) to consider a petition to restore a right to possess a firearm. *State v. Burke*, 12 Wn. App. 2d at 949.

RCW 9.41.040(4)(b)(i) not only authorizes a petition to restore rights to be filed in juvenile court, but also permits the petitioner to file under the same juvenile court cause numbers as his original adjudications even though he is no longer a juvenile. *State v. Burke*, 12 Wn. App. 2d 943, 949 (2020). Nothing in RCW 9.41.040(4)(b)(i) suggests that the petitioner must be a juvenile in order to file the petition in juvenile court. *State v. Burke*, 12 Wn. App. 2d 943, 950. Generally, the authority over a juvenile by the juvenile court ends when the person reaches the age of 18. *State v. Dion*, 160 Wn.2d 605, 609, 159 P.3d 404 (2007). Nevertheless, regardless of the limits of the juvenile court's statutory jurisdiction, the superior court holds jurisdiction to grant a petition to restore rights based on the general constitutional jurisdiction of superior courts. *State v. Burke*, 12 Wn. App. 2d 943, 950 (2020).

We plagiarized much of the law we have cited from Division Two's recent decision in *State v. Burke*, 12 Wn. App. 2d 943 (2020). In *Burke*, the court held that 32-year-old Ross Burke could file his petition to restore his right to possess a firearm in the juvenile court, in which he was adjudicated to have committed crimes. We are not bound by stare decisis to a Division Two opinion. *In re Personal Restraint of Arnold*, 190 Wn.2d 136, 151, 410 P.3d 1133 (2018). Nevertheless, we adopt the persuasive reasoning and the holding in *State v. Burke* as our own.

The State contends that the petition to restore firearm rights constitutes a "civil matter." Br. of Resp't at 4. This characterization is awkward since the petitioner can file

6

not only in the superior court of record, but also in the same cause number as the earlier

felony conviction, which number would be a criminal file. *State v. Burke*, 12 Wn. App.

2d 943, 946, 949, 466 P.3d 1147 (2020); *State v. Manuel*, 14 Wn. App. 2d 455, 458, 471

P.3d 265 (2020). Regardless, the State does not enlighten us as to how labeling the

petition as civil in nature should change our analysis.

The State, in B.B.'s appeal, does not directly attack the analysis in *State v. Burke*,

but rather underscores that *Burke* did not address the conundrum created by the juvenile

court being authorized to seal its file. We deem this predicament to raise a distinct legal

question unrelated to the prerogative held by the adult to petition the juvenile court to

restore firearm rights earlier revoked by the juvenile court.

County Practice

Despite RCW 9.41.040(4) authorizing the petitioner to file the petition to restore

firearm rights in the court of record that ordered the petitioner's prohibition and despite

*State v. Burke* holding that an adult petitioner may file the petition under a previous

juvenile court cause number, the State contends that RCW 2.28.150 grants the Kittitas

County Superior Court power to require a petitioner to file the petition in a new or

separate civil action in superior court and to pay the requisite filing fee of $240. RCW

2.28.150 reads:

> When jurisdiction is, by the Constitution of this state, or by statute,
> conferred on a *court or judicial officer* all the means to carry it into effect
> are also given; and in the exercise of the jurisdiction, if the course of

7

> proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws.

(Emphasis added.)

We question whether the superior court may demand by local rule or administrative practice that the petitioner file a separate civil action to restore gun rights. Although the State did not raise this specific issue in *State v. Manuel*, 14 Wn. App. 2d 455 (2020) or *State v. Burke*, 12 Wn. App. 2d 943 (2020), both cases hold that the petitioner may file in the cause number of his conviction. A different statute, RCW 9.97.020(6), obliges the offender to file a separate civil action when applying for a certificate of restoration of opportunity. RCW 9.41.040 contains no such requirement. This difference suggests the legislature did not intend to require a separate action, under RCW 9.41.040(4), for a restoration of gun rights. A demand to file a new lawsuit may also contravene the spirit of the laws. *In re Detention of Cross*, 99 Wn.2d 373, 379-80, 662 P.2d 828 (1983).

Regardless, we need not address the question whether a court has authority to implement a practice of a new and independent lawsuit to restore firearm rights because the Kittitas County Superior Court is not the entity that adopted this requirement. Although sometimes in its brief, the State writes that "the court" adopted this unwritten rule, the State presents no information that the Superior Court judges of Kittitas County adopted a rule, policy, or practice. Instead, the State admits that the clerk of the Kittitas

8

County Superior Court implemented, as a local practice, the condition of a separate civil suit. The clerk lacks authority to adopt procedures for the superior court.

The county clerk, who serves as clerk of the superior court, is an elected official. *Burrowes v. Killian*, 195 Wn.2d 350, 358, 459 P.3d 1082 (2020). The clerk is independent from the court and accountable to the people. WASH. CONST. art. XI, § 5; *Burrowes v. Killian*, 195 Wn.2d 350, 358. RCW 2.28.150 only authorizes "a court or judicial officer" to approve a suitable process or mode of proceeding conformable to the spirit of the laws. The clerk is neither the court nor a judicial officer. *In re Recall of Riddle*, 189 Wn.2d 565, 583, 403 P.3d 849 (2017) (quoting *Swanson v. Olympic Peninsula Motor Coach Co.*, 190 Wash. 35, 38, 66 P.2d 842 (1937)); *Ten Bridges, LLC v. Guandai*, 15 Wn. App. 2d 223, 235, 474 P.3d 1060 (2020), *review denied*, 197 Wn.2d 1011, 487 P.3d 515 (2021).

The State may contend that the Kittitas County Superior Court, by reason of its ruling against B.B., adopted the requirement to file an independent civil action. Nothing in the ruling, however, suggests that the superior court judge intended by himself to adopt a local rule or a formal practice binding on the entire county court and the other Kittitas County Superior Court judge in future cases. One ruling does not make a practice.

### Open Courts

The State objects to the juvenile court granting a petition to restore firearm rights because the petition pleadings and order will be sealed. This objection assumes that the

9

court lacks authority to open to the public or unseal the pleadings and the order for restoration. The State does not recognize the question of sealing as separate from the authority of the court to entertain the petition.

The State legitimately worries about sealing any of the pleadings in support of a petition for restoration of gun rights and any order authorizing restoration. RCW 9.41.040 does not contemplate the sealing of petitions for restoration of firearm rights. The Washington State Constitution prohibits the sealing of most court records. Article I, section 10 of the Washington State Constitution; *State v. Chen*, 178 Wn.2d 350, 356, 309 P.3d 410 (2013). A court must apply the factors outlined in *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30 (1982) before permitting the sealing of a record.

The State wonders how the victim of the petitioner's crime will learn that the offender may now possess a gun. The State laments that sealing the record will frustrate the clerk's ability to notify agencies of the reinstatement of the rights. RCW 9.41.047(3)(f).

B.B. notes that the Washington Supreme Court has approved, over constitutional challenge, the sealing of juvenile records. *State v. S.J.C.*, 183 Wn.2d 408, 352 P.3d 749 (2015). But we wonder if the pleadings of an adult seeking relief from a provision in a juvenile court adjudication should be considered juvenile records for purposes of sealing.

After the filing of B.B.'s petition but before ruling on the petition, the superior court entered an order sealing records. Nevertheless, the superior court did not address

the question of whether, assuming the court granted the petition, pleadings should be sealed. A reviewing court may remand a case to address issues not previously decided by the lower court or to develop the record further. *Pruczinski v. Ashby*, 185 Wn.2d 492, 509, 374 P.3d 102 (2016); *Rickman v. Premera Blue Cross*, 184 Wn.2d 300, 314, 358 P.3d 1153 (2015). We remand to the superior court for the parties to present any further facts deemed helpful to determine whether to seal the records and for development of the *Ishakawa* factors, assuming *Ishakawa* applies to this type of case. We also remand for the superior court to make a determination whether to seal the pleadings and order.

## Remedy

RCW 9.41.047(3) declares in part:

> (c) . . . , the court shall restore the petitioner's right to possess a firearm if the petitioner proves by a preponderance of the evidence that:
> (i) The petitioner is no longer required to participate in court-ordered inpatient or outpatient treatment;
> (ii) The petitioner has successfully managed the condition related to the commitment or detention or incompetency;
> (iii) The petitioner no longer presents a substantial danger to himself or herself, or the public; and
> (iv) The symptoms related to the commitment or detention or incompetency are not reasonably likely to recur.

If the petitioner has met the statutory requirements, the court performs a ministerial function to restore the petitioner's rights. *State v. Swanson*, 116 Wn. App. 67, 78, 65 P.3d 343 (2003); *State v. Burke*, 12 Wn. App. 2d 943, 947-48 (2020). In *State v. Manuel*,

11

14 Wn. App. 2d 455 (2000) and *State v. Burke*, the courts remanded to the superior court to grant the petition to restore rights.

The State does not contend that B.B. fails to satisfy the statutory conditions for reinstatement of gun rights. Therefore, we remand for the superior court to enter an order restoring B.B.'s rights. At the time of entering the order or thereafter, the superior court should address sealing of the records.

The courts in *State v. Manuel* and *State v. Burke* did not indicate whether they remanded their respective cases to the juvenile division of the superior court or to the superior court sitting outside its juvenile jurisdiction. We question the importance of this distinction and lament the unnecessary confusion caused by labeling a division of the superior court as a juvenile court. At the same time, we recognize most superior court clerk offices keep juvenile case files separate from other files, and counties maintain separate courtrooms for the juvenile division of the superior court. We recommend, however, when entering the restoration order and when addressing sealing of the file, that the judge hearing the case sit in the superior court's general jurisdiction despite the petition being filed in juvenile court.

## CONCLUSIONS

We reverse the superior court's denial of B.B.'s petition. We remand to the

12

No. 37820-9-III
*State v. B.B.*

superior court to enter an order reinstating B.B.'s gun rights and to decide whether to seal

the pleadings surrounding the petition to restore rights.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, C.J.

13